1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE SETU, | No.  2:15-cv-597-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $11,070.94, which amounts to a total request for fees equaling 25 percent of past benefits due to plaintiff.[1]  ECF No. 22.  Plaintiff entered into a retainer agreement with his attorney which provides that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case.  ECF No. 22-3.  Plaintiff's two attorneys, Shellie Lott and Chantal Harrington, spent 26.1 professional hours on plaintiff's case.  ECF No. 24-1.

/////

_____

        [1]  Counsel also petitioned the agency for $6,000 in fees under 42 U.S.C. § 406(a) for work performed at the administrative level.  ECF No. 22 at 1.  Thus, counsel seeks a total award of $17,070.94, which is 25 percent of the $68,283.74 past benefits due to plaintiff.

1

1    42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

2        Whenever a court renders a judgment favorable to a claimant under
3        this subchapter who was represented before the court by an attorney,
         the court may determine and allow as part of its judgment a
4        reasonable fee for such representation, not in excess of 25 percent of
         the total of the past-due benefits to which the claimant is entitled by
5        reason of such judgment.

6        Rather than being paid by the government, fees under the Social Security Act are awarded

7    out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),

8    *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).

9    However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

10   must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09

11   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

12   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

13   agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must

14   show that the fee sought is reasonable for the services rendered." *Id.* at 807. A "court may

15   properly reduce the fee for substandard performance, delay, or benefits that are not in proportion

16   to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en

17   banc).

18       After this court remanded for further proceedings, plaintiff was found disabled and

19   awarded past-due benefits in the amount of $68,283.74. ECF No. 22-2 at 1. Counsel's request

20   for of $11,070.94, which would result in a total award equal to the statutory maximum, would

21   constitute an hourly rate of $424.17. Counsel did not delay these proceedings, and her

22   representation of plaintiff was not substandard. Indeed, they successfully represented their

23   client's interests before this court. Based on the risk of loss taken in representing plaintiff,

24   counsel's experience in the field of Social Security law, and the results achieved in this case, the

25   court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018

26   WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26);

27   *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011)

28   (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-

1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

Counsel concedes that the $11,070.94 award should be offset by the fees previously awarded under the under the Equal Access to Justice Act ("EAJA").  ECF No. 22-1 at 2; *see* ECF No. 21.  Counsel represents to the court that upon receipt of a fee award in the amount of $11,070.94, she will immediately refund plaintiff the sum of $4,590.28 previously awarded under the EAJA.  ECF No. 22-1 at 2.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's counsel's motion for attorney's fees (ECF No. 22) is granted;

2.  Plaintiff's counsel is awarded $11,070.94 in fees pursuant to 42 U.S.C. § 406(b); and

3.  Upon receipt of the $11,070.94 award, counsel shall refund to plaintiff the sum of $4,590.28 previously awarded under the EAJA.

DATED:  October 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3